FILED
SUPERIOR COURT
OF GUAM

2022 OCT -3 PM 4: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **RICHARD R. QUICHOCHO,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH S. CARBULLIDO, Acting Director of the Department of Corrections, in his Official Capacity, et al.,**<br><br>Defendants. | **CIVIL CASE NO. CV0429-21**<br><br><br>**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION** |

This matter comes before the Honorable Dana A. Gutierrez upon Plaintiff Richard R. Quichocho's ("Plaintiff") Motion for Reconsideration, Amend, & Review; Re: Decision & Order Denying Motion for Appointment of Counsel & Setting a Hearing ("Motion for Reconsideration"), taken under advisement at the Status Hearing on June 30, 2022 without oral argument. Plaintiff, *pro se*, and Assistant Attorney General Heather Zona, representing Defendant Samantha J. Brennan ("Defendant Brennan"), were present via Zoom.[1] Upon a review of the applicable law and the pleadings presented by the parties, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration.

### BACKGROUND

The matter arises from a Civil Complaint ("Original Complaint"), alleging constitutional rights violations against the Defendants, and a Notice and Motion for Appointment of Counsel

---

[1] Joseph Carbullido and Major Antone Aguon were also present on Zoom.

("Motion for Appoint.") filed by the Plaintiff on May 25, 2021.[2] In response, Defendant Brennan filed a Motion to Dismiss on June 16, 2021 and filed her Opposition to Motion for Appointment of Counsel on July 22, 2021. On August 11, 2021, after no other Defendant made an appearance, Plaintiff filed a Notice and Application to Enter Judgment by Default ("Pl.'s App. for Default") against the seven other Defendants regarding the Original Complaint. On August 11, 2021, the Court also held a hearing on the Motion for Appointment of Counsel. On September 7, 2021, Plaintiff was granted leave and filed his First-Amended Civil Complaint ("Amended Complaint"). Defendant Brennan filed her Motion for Default; Renewed Motion to Dismiss on September 17, 2021.

On November 11, 2021, the Court issued its Decision and Order Denying Motion for Appointment of Counsel and Setting a Hearing ("D&O"). Plaintiff filed Motion for Reconsideration ("Mot. for Recon.") on December 10, 2021. On January 13, 2021, the Court issued a Decision and Order denying Defendant Brennan's Motion for Default, but noted that the pending Motion to Dismiss would be determined separately.

Defendant Brennan filed her Opposition to Motion for Reconsideration ("Opp'n Mot. for Recon.") on February 10, 2022, and on February 14, 2022, filed her Notice and Motion to Dismiss; Request for Oral Argument. On March 17, 2021, Plaintiff filed his Reply to Brennan's Opposition to Motion for Reconsideration ("Reply"). On June 30, 2022, the Court held a hearing on the Motion for Reconsideration. After hearing from the parties at the hearing, the Court took

---

[2] Plaintiff submitted, *inter alia*, his Original Complaint and Motion for Appointment of Counsel on December 31, 2020. However, his Application to Proceed Without Prepayment of Fees or Costs was not approved until May 25, 2021. Therefore, the file stamped date on all the documents submitted to the Court is indicated as May 25, 2021. This case was assigned to the Honorable Dana A. Gutierrez on May 27, 2021.

the matter under advisement and now issues this Decision and Order.[3]

## DISCUSSION

The issue before the court is whether Plaintiff's Motion for Reconsideration, regarding the Court's denial of appointment of counsel, should be granted or denied. Mot. for Recon., at 2:18-26.

### A.    Standard for Reconsideration.

A motion for reconsideration offers an extraordinary remedy and shall only be granted in unusual circumstances. *S. Pac. Petroleum Corp. v. MB Guam, Inc.*, 2017 WL 1393040, at *8 (D. Guam 2017) (quoting *Kone Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Motions for reconsideration may be made under the Guam Rules of Civil Procedure ("GRCP"), Rule 59(e) and Rule 60(b), and while different in procedure, both rules are treated as "essentially equivalent" by the court. *Rong Chang Co., Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 18; GRCP 59(e), 60(b). The Local Rules of the Superior Court of Guam provide further guidance regarding motions for reconsideration under Civil Rules ("CVR") Rule 7.1(i), which states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing a failure to consider material facts presented to the Court before such decision.

---

[3] At the hearing, Defendant Brennan noted that her Motion to Dismiss was still pending, but agreed to wait to set a date for hearing until after the Motion for Reconsideration was decided.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CVR 7.1(i).

The Supreme Court of Guam also has held that motions for reconsideration are justified, "where the court: '(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (citing *Ward v. Reves*, 1998 Guam 1 ¶ 10). Motions for reconsideration "are both 'procedurally and substantively deficient' if they simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quoting *Merchant v. Nanyo Realty Inc.*, 1998 Guam 26, ¶ 8-9).

Here, the Plaintiff, *pro se*, filed a Motion for Reconsideration, challenging "in part" the Court's Decision and Order, alleging that there are "discrepancies in the Crt. Order," and the Court's failure to consider certain information "substantially" affected the Court's ability to be "fair and impartial." Mot. for Recon., at 2:18-26. The Court notes that Plaintiff asks the Court to consider four possible remedies: amending the court order, appointing Plaintiff an attorney, determining the likelihood of Plaintiff's success with his Amended Complaint, and withholding final decision on Motion to Dismiss until after this Decision and Order is issued. Mot. for Recon., at 8:7-13. While the Court notes that aspects of the Plaintiff's success will be discussed within, the Court is limited to considering whether the Motion for Reconsideration should be granted regarding the D&O denying appointment of counsel.

The Court also notes that it "has an obligation, especially in civil rights actions, to construe *pro se* pleadings liberally and give the *pro se* plaintiff the benefit of any doubt." *Simanov v. Karidat*, 2020 WL 5807956, at *4 (D. Guam 2020) (citing *Bretz v. Kelman*, 773 F.2d

4

1026, 1027 n.1 (9th Cir. 1985)). However, this "liberal interpretation" cannot "supply essential elements of the claim that were not pled." *Id.*(citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Defendant Brennan opposes this Motion for Reconsideration, stating that Plaintiff's claims "are irrelevant to a motion for reconsideration" and fail to meet any of the applicable grounds under Rule 7.1.(i)." Opp'n Mot. for Recon., at 2:1-2:8.[4]

In his Reply to Defendant's Opposition, Plaintiff clarifies that his allegations in the Motion for Reconsideration meet the grounds under CVR 7.1, stating that it is "based on said Rule (1) where plaintiff could not have known 'material difference in fact' before such decision is made; and in Rule (3) where a showing of a failure to consider material facts presented to the court before such decision." Reply, at 2:23-25. Plaintiff further alleges that his Reply contains information that support a claim under "Rule 7(2), the emergence of new material facts...occuring after the time of such decision...." *Id.* at 2:27-28 The Court now turns to determine whether Plaintiff's Motion for Reconsideration and Reply contains information that meets the applicable standard.

### 1. The Court Does Not Find Any Material Difference in Fact or Law.

While Petitioner claims to provide evidence of material difference in fact or law that has occurred since the issuance of the D&O on November 9, 2021, the Court does not find any evidence presented by the Plaintiff in his Motion for Reconsideration or his Reply that could be construed to support this claim. *See* Mot. for Recon.; Reply. Plaintiff does not allege any difference in fact or law that could not have been discovered before the Appointment of Counsel

---

[4] The Court notes that Defendant Brennan only cited CVR 7.1, and no case law or other authority to support her opposition. *See* Opp'n Mot. for Recon.

hearing on August 11, 2021, with reasonable due diligence, and the Court is unable to construe any of the allegations to meet that standard. *Simanov,* 2020 WL 5807956, at *4 (the Court may not "supply essential elements of the claim that were not pled" for a *pro se* litigant). Therefore, the Court does not find CVR 7.1(i)(1) to be met.

2. **The Court Does Not Find Emergence of New Material Facts or Law.**

Plaintiff alleges in his Reply that there is "the emergence of new material facts...occuring after the time of such decision, in relation to appointment of counsel" Reply, at 2:27-28. Plaintiff then supports this claim with new allegations that "without appointed attorney, [he] has no control to sufficiently file documents, and provide service of process." *Id.* at 3:2-3. Plaintiff further alleges that "the court granted services are insufficient" and that there have been a variety of challenges properly serving the other parties with both the Marshals and the Clerk of Court since the Motion hearing. *Id.* at 3:12-4:15. Plaintiff alleges that "[t]he only resolution to prevent these situations from arising is for the Court to consider Appointment of Counsel to plaintiff." *Id.* at 4:1-8.

Because Plaintiff has alleged service challenges, and Defendant Brennan also raised service issues in her Motion to Dismiss, the Court issued an Order for Accounting of Service of Process from the Clerk of Court on July 5, 2022.[5] However, the Court does not find this new information concerning service to be material to the claims raised in his Amended Complaint or the allegations raised in the Motion for Reconsideration, and the Plaintiff has not addressed how these service issues are material facts. *See* Mot. for Recon; Reply. Further, to the extent service is

---

[5] On July 11, 2022, the Clerk of Court filed an Accounting of Service of Process.

an issue, these issues will be addressed at the hearing on Defendant Brennan's Motion to Dismiss.

Additionally, the Plaintiff argues that he "filed Motion for Default Judgment (December 10, 2021)," which would have been after the Motion hearing for the appointment of counsel on August 11, 2021. However, while Plaintiff filed the Motion for Reconsideration on December 10, 2021, the Court's review of the filings in this matter does not reflect the filing of a motion for default judgment on that day. The Court only finds the Plaintiff's Application for Default filed on August 11, 2021 in the record.[6] While the Court has not ruled on the August 11, 2021 Application for Default, the Court notes that there has been an intervening filing of the Amended Complaint by the Plaintiff. *See Chilko v. Lorren*, 2008 WL 4468995, at *1-2 (E.D. Cal. 2008) (holding that Plaintiff's motion for default judgment on original complaint was deemed withdrawn after an amended complaint was filed because as a general rule, amended complaint supersedes the original). Furthermore, the Application for Default is not relevant to the determination of the Motion for Reconsideration because it does not raise any new material facts regarding the denial of the Motion for the appointment of counsel. Therefore, this matter does not "raise new material facts."

Finally, the Court does not find any material change in law since the issuance of the D&O. Thus, the Court is unable to find or construe any of the Plaintiff's arguments to satisfy CVR 7.1(i)(2).

3.      **The Court Does Not Find a Failure to Consider Material Facts or Change of Law.**

Plaintiff also alleges that the Court failed to address certain arguments and "omitted

---

[6] The Court notes that the signature on the Notice and Application to Enter Judgment By Default was dated July 6, 2021.

7

tremendous other information" in the Court's D&O. Mot. for Recon., at 2:2-5:11. The vast majority of the Plaintiff's argument is based upon his Eighth Amendment claim, which the Court addressed in the D&O. *See* Amended Compl.; D&O, at 3-8. The Court does not find any of the information cited in the Motion for Reconsideration to be facts that the Court did not consider in the denial of the Appointment of Counsel, only information that was not directly cited in the D&O.

Further, the Plaintiff simply appears to be reiterating previous claims in his Motion for Reconsideration, even attaching a large portion of the Amended Complaint, titled "Attachment A," which the Court already considered. Under CVR 7.1(i), repeating previous arguments is improper. Regardless, the Court will address certain arguments raised by Plaintiff in the Motion for Reconsideration.

a.      **First Amendment Allegation.**

First, Plaintiff claims that the Court failed to include his alleged First Amendment violation in the D&O. Mot. for Recon., at 3:2-4 The Court acknowledges that the D&O did not specifically discuss the alleged "violation of 1st Amendment" within the discussion of § 1983 claims. However, the Court notes that the Plaintiff only briefly mentions this alleged First Amendment claim in the 100-page Amended Complaint, and the Court found that the exclusion of this argument would not impact the outcome of the Motion for Appointment of Counsel. *See* Amended Compl. Nonetheless, the Court will now directly address the Plaintiff's First Amendment claim.

Regarding this constitutional violation, Plaintiff claimed that his grievances to the Defendants at the Department of Corrections were not properly addressed, which was a violation of his First Amendment rights, in particular his right to petition the government for redress of

8

grievances. *Id.* at 23:3-24:6; Mot. for Recon., at 3:2-4. As the Court stated in the D&O, the appointment of counsel for § 1983 claims is not a matter of right, but a determination of whether "exceptional circumstances exist," which requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal matters involved." D&O, at 4; *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). However, neither, the likelihood of success on the merits or the ability of the plaintiff to articulate his claims *pro se*, is considered dispositive, and both factors must be considered together in making a decision. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991)(quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).

### i. Likelihood of Success on the Merits

The first factor is determining the likelihood of success on the merits of the Plaintiff's First Amendment Claim. The Ninth Circuit has indicated that "the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz,* 2018 WL 5962726, at *4 (E.D. Cal. 2018) (citing *Tilei v. McGuinness,* 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits")).

"Prisoners have a First Amendment to file prison grievances." *Wright v. Dir. of Corr.,* 443 F. App'x 289, 291 (9th Cir. 2011). Although prisoners have a right to file grievances, there is "no constitutional right to prison grievance procedures." *Butler v. Bowen,* 2003 WL 1194242, at *1 (9th Cir. 2003) (finding that inmates have "no constitutional right to prison grievance procedures" and, "the failure of prison officials to comply with those procedures is not actionable under 1983."); *see also Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that a prisoner's "invocation of the judicial process indicates that the prison has not infringed his First

Amendment right to petition the government for a redress of grievances").

While failure to respond to grievances is not proper grounds to file a First Amendment action, courts have held that retaliation against prisoners for exercising their right to file grievances is an actionable claim. *Wright,* 443 F. App'x at 292-93. In *Wright,* when Wright, a prisoner, complained about the search of his room, one of the correction officers handcuffed him in his underwear, took him outside and then strangled him, slamming his head against the wall. *Id.* at 291. After Wright submitted a grievance regarding this excessive force, Lieutenant Davis and Sergeant Johnson threatened to put him in "The Hole and take away his personal property" if he did not withdraw his grievance. *Id.* at 292. In his court filing, Wright also cited that his transfer to a high security prison was a supposed punishment for his grievance. *Id.* The court ruled that the trial court erred in not appointing him counsel due to not addressing the direct threat by Davis and Johsnon and its likelihood of his success. *Id.* at 293. However, the court did not find the trial court erred in ruling for the defendants regarding the transfer claim because it was only supported by "circumstantial inferences of retaliation." *Id.* at 292.

Courts recognize five elements to determine whether actions rise to retaliation in a First Amendment claim: "(1) [an] assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* (quoting *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005)).

Petitioner alleges that copies of his two formal grievances have either been "lost" or not responded to within the proper procedural time limits by the Defendants, and that this failure to properly respond qualifies as a violation of "1st amendment right to petition government for

redress of grievances."[7] Amended Compl., at 23:3-24:6 (Aug. 11, 2021). However, this alleged failure to follow prison grievance procedures is not in itself a violation of his First Amendment rights, and the fact that the Plaintiff is before this Court supports this lack of a claim. *Butler*, 2003 WL 1194242, at *1; *Antonelli*, 81 F.3d at 1430.

While Plaintiff does not claim that any alleged retaliation is directly related to his First Amendment Claim, Plaintiff alleges that the defendants have retaliated against him after being "informed of plaintiff pursuing legal avenues." Amended Compl., at 19:7. When liberally construed on behalf of the *pro se* Plaintiff, the Court finds that the Plaintiffcould be alleging that this retaliation is related to the filing of his grievances and his First Amendment claim. *See Bretz*, 773 F.2d at 1027 n.1 (finding that *pro se* plaintiff deserves liberal interpretation and the benefit of the doubt in civil rights actions). Nevertheless, even with this liberal interpretation, Plaintiff does not offer any direct connection between the filing of these two formal grievances and the alleged retaliation, unlike in *Wright*, where two officers threatened the prisoner with the Hole and loss of property unless he withdrew his grievance. Therefore, without this connection, the Court struggles to find that this retaliation was "because of" the filed prison grievances. *See Simanov*, 2020 WL 5807956, at *4 (even with liberal interpretation, the Court may not "supply essential elements of the claim that were not pled" for a *pro se* litigant).

The Court also notes that the Plaintiff does not appear to allege, and the Court does not find, any "chilling" effect that this retaliation had to his First Amendment rights. Due to this lack of connecting the allegations of retaliation and Plaintiff's First Amendment claim, the Court has

---

[7] As cited in the Court's D&O, the Court acknowledges the seriousness of the injuries that Plaintiff alleges, including discoloration of feet and bleeding in eyes due to cataracts. D&O, at 5. Further, the Court notes that the Plaintiff claims these injuries are "just a small part of plaintiff's injury/harm." Mot. for Recon., at 4:11.

some doubts as to whether the Plaintiff will be able to succeed on the merits of a possible retaliation claim.

While the Court notes these doubts about the Plaintiff's claim, this analysis of the claim is not binding. Rather this analysis is limited to the Motion for Reconsideration, regarding the appointment of counsel. The proceedings are still at an early stage, and the Plaintiff will still have an opportunity to more clearly articulate his allegations and underlying claims as this matter moves forward.

### ii. Ability to Articulate Claims in Light of the Complexity of the Issues.

The second factor is determining the Plaintiff's ability to articulate claims, *pro se*, in light of the complexity of the issues. As stated in the D&O, the Court continues to find that the Plaintiff "is able to articulate his claims and navigate civil procedure without legal assistance." D&O, at 8. While Plaintiff highlights that he is a "layperson without legal education, knowledge or experience in legal matters," this background is the "norm" in *pro se* cases and not an exceptional circumstance. *Haynes v. Asbury*, 2021 WL 165004, at *2 (S.D. Cal. 2021) (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education)). Furthermore, throughout the Plaintiff's pleadings, he appears well-organized, with headers and numberings, and he continues to support his in-depth allegations with citations to litigation documents, legal cases, and statutes. Therefore, the Court reiterates its finding that the plaintiff appears able to articulate his legal claims. *See* D&O, at 7; *Palmer*, 560 F.3d at 970 (9th Cir. 2009) (finding that the factor regarding inability to articulate claims *pro se* was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively").

While a *pro se* litigant may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Rodriguez v. U.S.*, 2021 WL 1172777, at *1 (E.D. Cal. 2021). Accordingly, the Plaintiff's ability to clearly and effectively articulate his claims in the face of these complexities support a finding that Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel at this stage of the proceedings.

Therefore, when these two factors are considered together, the Court does not find "exceptional circumstances" exists that merit the appointment of counsel.

### b. Other Omitted Information.

The Court also notes that the Plaintiff alleges that other "essential" information, "all indicated in complaint," was omitted in the Court's D&O. Mot. to Recon., at 4:5-5:11. First, the Plaintiff does not specifically inform the Court what other "essential" information was missed by the Court, besides noting that the Court referred to his injuries as "alleged" when they were "verified and reported" by DOC Officer's Report. *Id.* at 4:14-17.The Court did consider all of the Plaintiff's allegations and claims applicable to Plaintiff's Motion for Appointment of Counsel. Furthermore, upon review of the Plaintiff's Motion for Reconsideration, the Court does not find any cited "material facts" that the Court did not originally consider, and instead finds the Plaintiff simply reiterating previous claims, which is improper under CVR 7.1(i).

### c. Alleged Discrepancies.

Finally, the Court notes that a large portion of the Plaintiff's Motion for Reconsideration contained alleged discrepancies between the D&O and the Plaintiff's allegations. Mot. for Recon., at 5:13-8:6. Plaintiff alleges that the "information relied on by the court is not true." *Id.*

at 6:23. For example, Plaintiff claims that the D&O misconstrued his actions by stating "that he chose to stop taking his prescribed medication prior to consulting with any attending physician" but Plaintiff redirects the court to the statement in his Amended Complaint, which states, "[t]hus, after third week and continued side affects, plaintiff discontinued taking his diabetic medications to have some sort of temporary relief ... with intentions to consult with Dr. Lizama...." *Id.* at 6:21-26.

Upon review, the Court does not find that the D&O's statement misconstrued the Plaintiff's actions because the Plaintiff admits that he discontinued taking the medications prior to consulting with any attending physician. The Court does not find any of the other alleged discrepancies to contain alleged material facts missing or misconstrued in the D&O. While the Court does not find these allegations relevant to the Motion for Reconsideration, the Court notes that this finding is limited to the Motion, and the Plaintiff will still have an opportunity to further explain his arguments at the Motion to Dismiss hearing.

Finally, the Court does not find any missing material law in the D&O. Therefore, the Court is unable to find or construe any of the Plaintiff's arguments to satisfy CVR 7.1(i)(3).

## CONCLUSION

Accordingly, for the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration.

A hearing on Defendant Brennan's Motion to Dismiss shall be held on **November 21, 2022 at 10:00 a.m.**

**SO ORDERED**: OCT 0 3 2022

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

RECEIVED FOR SERVICE:
TIME: 4:18
DATE: 10/03/22
INITIAL:
MARSHAL, SCOG

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
*AG*

Date: _____ Time: 10/3/22

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

14